**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**COLUMBIA MUTUAL INSURANCE**
**COMPANY,** *et al.*                                                                     **PLAINTIFFS**

**v.**                                            **4:06CV01013-WRW**

**ARKANSAS VALLEY REGIONAL INDUSTRIAL**
**DEVELOPMENT COMPANY LLC,** *et al.*                              **DEFENDANTS**

**<u>ORDER</u>**

Pending is Defendant Steve Park's Motion for Summary Judgment (Doc. No. 38).

Plaintiffs have responded (Doc. No. 45). For the reasons set out below, Defendant's Motion is

DENIED.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[1]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

---

[1]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

1

extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4]  I must view the facts in the light most favorable to the party opposing the motion.[5]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

The facts relevant to Defendant Parks's motion for summary judgment are as follows. Defendant Parks transacted business as an agent and managing member of Natural Gas Solutions Capital, LLC ("NGS Capital"), and was also the company's registered agent.[8] Plaintiffs allege

---

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. Nos. 2, 40.

that they relied on information prepared, in part, by Defendant Parks in deciding to purchase units of interest (securities) in NGS Capital in October, 2004.[9] Plaintiffs further allege that Defendant Parks did not disclose material facts relating to the true value of the units of interest.[10] Plaintiffs also allege that Defendant Parks contacted Plaintiffs' representatives to facilitate the sale of the securities.[11]

Plaintiffs expected to receive certain eligible tax credits as a result of the investment in NSG Capital.[12] The purchase agreement with NGS Capital reads that NGS Capital "is the fully authorized representative acting on behalf of several flow-through entities holding eligible premium tax credits for use against Arkansas premium tax liability."[13] When Plaintiffs claimed the tax credits, the credits were denied.[14] Plaintiffs allege that Defendant Parks knew the representations he made in connection with the tax credits were false, or that he made those representations with reckless disregard for the truth, and that Defendant Parks did not disclose material information, all with the intent to induce Plaintiffs to invest in NGS Capital.[15] Plaintiffs' causes of action include violations of 15 U.S.C. § 78(j)(b)(10b-5), violations of Ark. Code Ann. § 23-42-106, common law fraud, and breach of contract.[16]

---

[9]Doc. No. 2.

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]Doc. No. 2, Ex. C.

[14]Doc. No. 2.

[15]*Id.*

[16]*Id.*

Defendant Parks acknowledges that he was an agent and managing member of NGS Capital, that he was a control person of NGS Capital and its registered agent, and that he conducted the affairs of NGS Capital.[17] Defendant Parks maintains that he did not speak with any of Plaintiffs' representatives before Plaintiff entered into the purchase agreement with NGS Capital.[18] In support of his Motion, Defendant Parks included deposition testimony by Roger Ballard, a representative of Plaintiff Columbia Mutual Insurance Company.[19] When asked if he had talked to Steve Parks, Mr. Ballard responded "I don't recall talking to him prior to signing the contract."[20] Defendant Parks argues that summary judgment should be granted in his favor because he acted as an officer for a corporation, and corporations are treated separately from the individuals directing them.[21] Defendant Parks also argues that summary judgment in his favor is proper because he did not speak to any representative of Plaintiffs' until after the parties entered into the purchase agreement.[22]

## III. DISCUSSION

A corporate officer may be held liable under 15 U.S.C. § 78(j)(b).[23]  That section reads

---

[17]Doc. No. 40.

[18]*Id.*

[19]Doc. No. 40, Ex. 1.

[20]*Id.*

[21]Doc. No. 39.

[22]*Id.*

[23]See *Fla. State Bd. Of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645 (8th Cir. 2001) (Case remanded where district court improperly dismissed complaint against corporation and its executives for not containing facts giving rise to strong inference of knowing or reckless conduct

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement . . . , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Scienter is an element of a claim under 15 U.S.C. § 78(j)(b)-Rule 10b-5.[24]  Generally, scienter is an issue for the jury; however, summary judgment can be granted for a defendant when there is no genuine issue of material fact in connection with scienter.[25]

Plaintiff alleges that Defendant Parks "prepared, facilitated, and provided "[26] information about the tax credit program to another party who then gave the information to Plaintiffs. While Defendant Parks argues that he had nothing personally to do with the transaction in question,[27] he addressed neither Plaintiff's allegation about his participation in preparing the information packet given to Plaintiff nor Plaintiff's allegation about his failure to disclose material facts.  Viewing the facts in the light most favorable to the non-moving party, there is a genuine issue of material fact as to whether Defendant Parks participated in preparing the information on which Plaintiffs relied, and whether Defendant Parks failed to disclose material information. Further, if Defendant Parks did participate or fail to disclose, then scienter is an issue for the jury.

---

under 15 U.S.C. § 78(j)(b).); *Chutich v. Touche Ross & Co.*, 960 F.2d 721 (8th Cir. 1992) (corporate officer filed third-party complaint for contribution against other corporate officers also sued under 15 U.S.C. § 78(j)(b)).

[24]See *In re: Acceptance Insurance Companies Securities Litigation*, 423 F.3d 899, 905 (8th Cir. 2005).

[25]*Id.*

[26]Doc. No. 2.

[27]Doc. No. 39.

**IV. CONCLUSION**

Because a corporate officer may be found liable under 15 U.S.C. § 78(j)(b), and because there is a genuine issue of material fact whether Defendant Parks helped prepare the tax credit information Plaintiffs relied on and failed to disclose material information, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 5th day of March, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE